IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CURTIS ROBERT CENO, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:18-CV-114-Z |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
AND MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582**

Before the Court is *Petitioner's Minor Role Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 2255(f)(4)* filed June 18, 2018 by petitioner CURTIS R. CENO. [ECF 1]. For the reasons set forth below, petitioner's motion should be DENIED.

I.
BACKGROUND

On November 1, 2014, Amendment 782, which modified the Drug Quantity Table in §2D1.1(c) of the United States Sentencing Commission Guidelines Manual (USSG or Manual), went into effect and was incorporated into the November 2014 Manual. Amendment 782 modified the existing Drug Quantity Table in prior versions of the Manual by reducing, by two levels, the base offense levels assigned to various quantities of drugs.[1]

On January 16, 2015, approximately 2 ½ months after the effective date of Amendment 782, petitioner committed and was arrested for federal offenses involving drugs. On February 19,

---

[1] For example, prior to November 1, 2014, 30,000 KG or more of marijuana equivalency was assessed a Base Offense Level of 38. On November 1, 2014 and after, a Base Offense Level of 38 was only assessed for 90,000 KG or more of marijuana equivalency, while 30,000 KG to less than 90,000 KG of marijuana was assessed the lower Base Offense Level of 36.

2015, petitioner was charged in a two-count Indictment with the felony offenses of Possession with Intent to Distribute 500 Grams or More of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) (Count One); and (2) Possession with Intent to Distribute 100 Grams or More of Heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i) (Count Two). *United States v. Ceno*, 2:15-CR-10 [ECF 12]. On April 6, 2015, petitioner, pursuant to a plea agreement, pleaded guilty to Count One of the Indictment charging petitioner with Possession with Intent to Distribute 500 Grams or More of Methamphetamine in exchange for the Government's agreement to dismiss the remaining count at the time of sentencing. [ECF 29]. In his plea agreement, petitioner acknowledged the mandatory minimum term of imprisonment for the offense to which he was pleading guilty was 10 years.

In preparing the Presentence Investigation Report (PSR) for this case, the probation officer utilized the 2014 Guidelines Manual, "incorporating all guideline amendments" effective November 1, 2014 and earlier. [ECF 34-1 at 5]. Specifically, the PSR found:

> The base offense level for a violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) is found in USSG §2D1.1 of the guidelines. Pursuant to USSG §2D1.1(a)(5), the base offense level is determined by using the Drug Quantity Table set forth in Subsection (c). The defendant is accountable for 110,728.2 kilograms of marijuana equivalency. Pursuant to USSG §2D1.1(c)(1), if the offense involved at least 100 but less than 90,000 kilograms of marijuana, the base offense level is 38.[2]

[*Id*.]. The PSR also found petitioner did not qualify for an adjustment of the base offense level for his role in the offense, neither an upward adjustment for an aggravating role in the offense under USSG §3B1.1 nor a downward adjustment for his mitigating role as a minor or minimal participant in the criminal activity under USSG §3B1.2. [*Id*. at 6]. After receiving a 3-level decrease for his Acceptance of Responsibility, the PSR calculated petitioner's Total Offense Level to be 35. Based

---

[2]The Court acknowledges the PSR incorrectly stated the offense involved "less than" 90,000 kilograms of marijuana equivalency after correctly noting, in the sentence immediately prior thereto, that petitioner was accountable for 110,728.2 kilograms of marijuana equivalency, an amount "greater than" 90,000 kilograms.

on a Total Offense Level of 35 and a Criminal History Category of II for petitioner's Criminal History Score of 3, petitioner's advisory guideline range was 188 to 235 months' imprisonment. [*Id*. at 18]. The probation officer did not identify any factors that would warrant a departure from the applicable sentencing guideline range. [*Id*. at 20]. Petitioner, represented by appointed counsel, advised the Court that he had no objections to the calculations of the proposed guidelines set forth in the PSR. [ECF 36].

On July 7, 2015, after a sentencing hearing, the United States District Judge sentenced petitioner to a term of 150 months imprisonment, a sentence significantly below the guideline range but satisfying the mandatory minimum 10-year sentence. [ECF 41]. That same date, the Court entered Judgment accordingly. [ECF 44]. Petitioner did not file a direct appeal of his conviction or sentence to the United States Court of Appeals for the Fifth Circuit.

On November 1, 2015, approximately four (4) months after petitioner was sentenced for his January 16, 2015 offense, Amendment 794, which amended the commentary to USSG §3B1.2 (Mitigating Role), went into effect and was incorporated into the November 2015 Guidelines Manual. Amendment 794 was intended to address inconsistencies in the application of the guideline and to provide district courts with additional guidance in determining whether they should grant downward role adjustments. Specifically, Amendment 794 clarified the commentary by adding a non-exhaustive list of factors a sentencing court should consider in determining whether a defendant is entitled to an offense level reduction under the USSG mitigating role provision for being only a minimal or minor participant in the criminal activity for which he is charged.

On June 12, 2018, petitioner purportedly placed the instant *pro se* motion to vacate, which also includes a motion for reduction of sentence under 28 U.S.C. § 3582(c), in the prison mailing

system. On June 18, 2018, the Court received said motion and filed it of record as a motion to vacate under 28 U.S.C. § 2255 in *Ceno v. United States*, No. 2:18-CV-114. [ECF 1].

## II.
## PETITIONER'S ALLEGATIONS/ REQUESTS FOR RELIEF

By his motion to vacate under 28 U.S.C. § 2255, petitioner argues his July 7, 2015 sentence should be vacated and he should be re-sentenced under the Manual that became effective November 1, 2015 and incorporated the Amendment 794 clarifications to USSG §3B1.2 (Mitigating Role). Specifically, petitioner asserts that if his current sentence is vacated and he is resentenced under the November 1, 2015 Manual with its Amendment 794 clarifications, he would now meet the definition of a minimal or minor participant in the criminal activity in which he was involved and would thus qualify for a downward adjustment of the base offense level for his role in the offense. Petitioners concludes his Base Offense Level would thus be decreased by 2-4 levels, which would possibly result in a lower sentence than the 150-month, below guidelines sentence that was imposed.

In his pleading, petitioner also appears to argue he met the criteria of 18 U.S.C. § 3553(f) and, therefore the District Judge should have imposed his sentence without regard to his statutory 10-year minimum sentence. Petitioner "asks this Court to find that this is true."

Lastly, petitioner also asserts, in this same pleading, a motion to reduce his term of imprisonment under 18 U.S.C. § 3582(c)(2). Specifically, petitioner argues this Court should apply Amendment 782 to the USSG, effective November 1, 2014, to his 150-month sentence to reduce his Base Offense Level of 38.

## III.
## AMENDMENT 794 ON COLLATERAL REVIEW

A section 2255 motion to vacate " 'provides the primary means of collateral attack on a

federal sentence.' " *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under section 2255 is warranted for errors that occurred at trial or at sentencing if a petitioner can establish, as relevant here, that his "sentence was imposed in violation of the Constitution or laws of the United States" or that his sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255 (identifying an additional two bases on which a motion to vacate may be made). "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citations omitted).

Amendment 794, amending the commentary to USSG §3B1.2 (Mitigating Role) to provide that an assessment of whether a defendant should receive a role reduction should focus on the defendant's role in comparison to other participants in the crime rather than a hypothetical average participant, became effective November 1, 2015 *after* petitioner was sentenced. Generally, sentencing and reviewing courts apply "the Guidelines Manual in effect at the date of sentencing." *United States v. Huff*, 370 F.3d 454, 465 (5th Cir. 2004). However, petitioner argues Amendment 794 should be retroactively applied to his case in this collateral 2255 proceeding and that, upon application of the amendment, he is entitled to a minimal or minor participant adjustment under §3B1.2.

Circuit courts have generally concluded that Amendment 794 was retroactively applicable to cases pending on direct appeal. *See United States v. Sanchez-Villarreal*, 857 F.3d 714 (5th Cir. 2017); *United States v. Gomez-Valle*, 828 F.3d 324, 331 (5th Cir. 2016) (assuming, without deciding, that Amendment 794 should be considered on appeal); *United States v. Quintero–Leyva*, 823 F.3d 519, 523 (9th Cir. 2016); *United States v. Carter*, 2016 WL 5682707 at *5-6 (6th Cir.

Oct. 3, 2016) (unpublished); *United States v. Cruickshank*, 2016 WL 5075936 at *7-8 (11th Cir. Sept. 20, 2016) (unpublished) (remanding direct appeal for re-sentencing without explicitly holding that Amendment 794 is retroactively applicable on direct review). Such circumstances are not present here as petitioner did not file a direct appeal. There does not, however, appear to be any appellate court precedent, much less Fifth Circuit precedent, conclusively holding that Amendment 794 is retroactively applicable to cases pending on collateral review. *See Garanzuay v. United States*, 2017 WL 1250845 (W.D. Tex. Jan. 19, 2017) (unpublished); *Sotelo v. United States*, 2017 WL 2304979 (W.D. Tex. Jan. 18. 2017) (unpublished). Moreover, petitioner's instant motion to vacate seeking collateral review was not filed until June 12, 2018 and clearly was not pending when Amendment 794 became effective on November 1, 2015. Under these circumstances, the Court is not authorized to award petitioner retroactive relief in this collateral proceeding initiated by petitioner's section 2255 motion to vacate for the changes to USSG §3B1.2 brought about by Amendment 794. As petitioner is not entitled to any collateral relief based on Amendment 794, petitioner's motion to vacate his sentence on this basis should be denied.

The undersigned further notes that even if the clarifications of Amendment 794 were applied retroactively to petitioner on collateral review and even if he was able to qualify for a 2-4 level role reduction for being a minor or minimal participant, his new Total Offense Level of 31-33, with his Criminal History Category of II, would have resulted in an advisory guideline imprisonment range of 121-151 months, 135-168 months, or 151-188 months, respectively, with the same minimum mandatory sentence of 120 months. The District Judge imposed a 150-month sentence without including any written reasons for the sentence in the judgment. Thus, petitioner cannot demonstrate the new lower advisory guideline ranges would have resulted in a different, lesser sentence.

In his pleading, petitioner also appears to argue he met the criteria of 18 U.S.C. § 3553(f)

and, therefore the District Judge should have imposed his sentence without regard to his statutory 10-year minimum sentence. Petitioner "asks this Court to find that this is true." This is the only relief petitioner requests with regard to this assertion.

Such "relief" is inappropriate in this section 2255 motion to vacate collateral proceeding. Even so, the undersigned notes petitioner had a Criminal History Score of 3 and, therefore, 18 U.S.C. § 3553(f) was not applicable in this case.[3] Petitioner is not entitled to any relief under this assertion.

## IV.
## MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)

A federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010). However, statute provides an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Freeman v. United States*, 564 U.S. 522, 526-27 (2011) (reciting standard for sentence modifications). Such defendants are entitled to move for retroactive modification of their sentences. *Freeman*, 564 U.S. at 527. However, a sentence reduction is only permitted if it is consistent with the policy statements issued by the Sentencing Commission found in USSG § 1B1.10. *See* 18 U.S.C. § 3582(c)(2); *United States v. Boe,* 117 F.3d 830, 831 (5th Cir. 1997). Subsection 1B1.10(d) lists the amendments to the USSG that are eligible for retroactive effect.

Here, petitioner moves for a reduction of his sentence under 18 U.S.C. § 3582(c) arguing he is entitled to have his Base Offense Level reduced by two (2) levels based on Amendment 782, the amendment modifying the Drug Quantity Table. However, Amendment 782, and the 2014

---

[3]For 18 U.S.C. § 3553(f) to be applicable, subsection (1) requires a defendant not have "more than 1 criminal history point."

Manual that incorporated the amendment, were already in effect when petitioner was sentenced on July 7, 2015. Consequently, petitioner was sentenced under the new Drug Quantity Table effected by Amendment 782 and already received any benefit available to him under that amendment. As petitioner was accountable for 110,728.2 kilograms of marijuana equivalency as part of his relevant conduct, the new Drug Quantity Table that took effect November 1, 2014 under Amendment 782 assessed a Base Offense Level of 38 for 90,000 kilograms or more of marijuana equivalency. The Base Offense Level assessed in the PSR was correct, and petitioner is not entitled to a reduction of sentence under 18 U.S.C. § 3582(c) on the basis of Amendment 782.

To the extent, if any, petitioner moves for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) on the basis of Amendment 794, such motion must also be denied. The United States Sentencing Commission did not make Amendment 794 retroactively applicable by including it under USSG §1B1.10(d). Consequently, the amendment does not provide a basis for relief under 18 U.S.C. § 3582(c)(2). *See United States v. Garcia*, 775 Fed.App'x. 776 (5th Cir. 2019); *United States v. Alipizar*, 718 F.App'x 305, 306 (5th Cir. 2018); *In re Pinales*, 703 F.App'x 353, 354 (5th Cir. 2017); *United States v. Guerrero*, 691 F.App'x 179, 180 (5th Cir. 2017). Petitioner's motion for a reduction of sentence, to the extent it can even be considered in this section 2255 proceeding, is without merit and should be denied.

V.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that *Petitioner's Minor Role Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 2255(f)(4)* [ECF 1], which includes both a motion to vacate under 28 U.S.C. § 2255 and a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), filed by petitioner CURTIS R. CENO be DENIED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of the Findings, Conclusions and Recommendation to petitioner and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 6, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).